IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ROBERTSON,

      Plaintiff,                     No. CIV S-09-2648 FCD KJM P

   vs.

V. SINGH, et al.,

      Defendants.             ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.40 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          In order to avoid dismissal for failure to state a claim a complaint must contain
18  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
19  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
20  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
22  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
25  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
26  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
2  Rhodes, 416 U.S. 232, 236 (1974).

3  Plaintiff alleges that as the result of renovation, he was moved from his assigned
4  dorm and subsequently lost his paying position as head porter. When he was assigned to work
5  again, it was for a non-paying porter position. He alleges that he has been denied due process
6  and equal protection and was subjected to defamation of character, slander, personal insults and
7  character assaults.

8  An inmate has neither a liberty nor a property interest in a prison job, with or
9  without pay. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 2001) (no liberty interest in
10  prison employment); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (same);
11  Wyatt v. Swearingen, 2010 WL 135322 at 9 (N.D. Cal. 2010) (no property interest in a prison
12  job). Moreover, the harm to his self-esteem and the insults are not significant or atypical
13  deprivations in relation to the normal incidents of prison life nor do they otherwise violate his
14  constitutional rights. Sandin v. Conner, 515 U.S. 472, 483-84 (1995); see also Paul v. Davis,
15  424 U.S. 693, 712 (1976) (no right to enjoyment of reputation); Gaut v. Sunn, 810 F.2d 923, 925
16  (9th Cir. 1987); Spicer v. Collins, 9 F.3d 673, 683 (E.D. Tex. 1998) (verbal harassment without
17  physical injury does not state a claim under the civil rights act).

18  Plaintiff has alleged that the action violated his right to equal protection, but has
19  not shown that he was treated differently from other inmates who lost jobs as a result of the
20  transfer. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (equal
21  protection "is essentially a direction that all persons similarly situated should be treated alike").
22  He will be given the opportunity to amend this portion of his complaint only.

23  Although the Federal Rules adopt a flexible pleading policy, a complaint must
24  give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community
25  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some
26  degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.40. Fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

6. The Findings and Recommendations filed on December 18, 2009 (Docket No. 9) are vacated.

DATED: May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

2
robe2648.14