IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ROBERTSON,

        Plaintiff,                     No. CIV S-09-2648 JAM CKD P

    vs.

V. SINGH, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 4, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff complains about the fact that he lost his job as a "lead porter" in building #4 at California State Prison, Solano when that building was closed for repairs. It is not clear to plaintiff why he lost his job. He requested that he be made "lead porter" in building #3, but it appears that request was denied.

As plaintiff was informed in the order dismissing his original complaint, plaintiff does not have a right arising under federal law to have a job while in prison. See Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (no liberty interest protected by the Due Process Clause in prison employment). Therefore, the mere loss of his job is not actionable. Despite being informed of the deficiencies in his original complaint when it was dismissed with leave to amend, plaintiff has not cured those deficiencies or otherwise stated any valid claim for denial of a federal right in his amended complaint. That being the case, and because granting leave to amend a second time appears to be futile, the court will recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

/////

1       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
2  failure to state a claim upon which relief can be granted.
3       These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
5  one days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within fourteen days after service of the objections.  The parties are
9  advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
robe2648.frs